UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 24 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| SAMANTHA D. RAJAPAKSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-03407 (UNA) |
| | ) |
| EQUIFAX INFORMATION SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant Plaintiff's IFP application and dismiss the Complaint.

Plaintiff, a resident of Chattanooga, Tennessee, sues Equifax Information Services and its counsel, both located in Atlanta, Georgia. Compl. at 2. The Complaint is not a model in clarity, but it appears that Plaintiff's claims arise, in part, from Defendants' alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et. seq.*, and the Computer Fraud and Abuse Act of 1986, 18 U.S.C.A. § 1030 *et seq*. *See id*. at 1, 5–7. Plaintiff indicates that she has already filed substantially similar cases against these defendants in the United States District Court for the Northern District of Georgia and the Southern District of New York. *See id.* at 1, 3–6. She alleges that Defendants' fraudulent business activity continued *vis-à-vis* that prior litigation, *see id*.; for example, Equifax attempted to coerce her into settlement, and gave Plaintiff's outdated and/or falsified financial information to its lawyers without her consent, permanently and negatively affecting her credit, *see id.* at 5–6. Plaintiff claims the Northern District of Georgia and Southern District of New York conspired with Defendants to enable such wrongdoing and unfairly render judgments in Defendants' favor. *See id*. at 3–4. She demands $850,000 in damages. *See id.* at 8.

First, "under *res judicata,* 'a final judgment on the merits of an action precludes the partiesor their privies from relitigating issues that were or could have been raised in that action.'" *Drake v. FAA,* 291 F.3d 59, 66 (D.C. Cir. 2002) (citing *Allen v. McCurry,* 449 U.S. 90, 94 (1980)) (emphasis omitted).  Here, Plaintiff concedes that she has raised substantially similar claims against Defendants in other federal courts, and those courts have already considered and resolved them.  *See Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (courts "may raise the *res judicata* preclusion defense sua sponte") (citing *Brown v. D.C*., 514 F.3d 1279, 1285–86 (D.C. Cir. 2008)) (other citation omitted).

Second, this court lacks jurisdiction to review determinations of other federal courts.  *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"), citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).  If Plaintiff seeks to revisit actions taken by the Northern District of Georgia and Southern District of New York, or by these defendants in the prior litigation, she must file for relief in those matters.

Third, Plaintiff has not established venue in the District of Columbia.  Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there

is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue).  Here, none of the parties are located in the District of Columbia, and there is no connection between these claims and this District.

      For all of these reasons, this case will be dismissed.  A separate order accompanies this memorandum opinion.

Date: January 24, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge